# UNITED STATES DISTRICT COURT
# for the WESTERN DISTRICT OF NORTH CAROLINA

# 3:04-cv-628

Joseph B. Lambert, :
:
    Plaintiff, :
:
vs. :
:
Mecklenburg County,
    Defendant.

### Clerk's Taxation of Costs

This matter is before the Clerk on Defendant's Amended Motion for "Bill of Costs" filed October 16, 2006.

The Plaintiff has filed no objections to the Bill of Costs.

Defendant requests that costs be awarded for the following items:

    1.    <u>$2,224.75  for fees of the court reporter for all or any part  of the transcript  necessarily obtained for use in the case.</u>   Discovery in federal cases necessitates the taking of depositions. Costs associated with the original and one copy of the transcript are recoverable costs under 28 U.S.C.§1920(2) which provides in pertinent part:

> A judge or clerk of any court of the United States may tax as costs the following;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained in the case .

**Title 28 U.S.C.§1920(2).**

Local Rule 54.1 also permits the taxing of the costs of depositions which were necessary for use in the litigation. This rule provides in pertinent part:

> (C)(1)(I) . . . the costs incident to the taking of depositions (when allowable as necessarily obtained for use in the litigation .

**Local Rule 54.1(C)(1)(I).**

The Fourth Circuit has also held that even if depositions are not actually used at trial, the cost of the transcripts are recoverable if taking the deposition seemed reasonably necessary in light of the particular situation existing at the time of taking. See, LaVay Corp. v. Dominion Federal Savings and Loan Association, 830 F 2d 522, 528 (4th Cir. 1987), 28, 98 L. Ed. 2d 991 (1988). Further, taxable costs are not limited to the number of deposition pages necessary for the motion for summary judgment as at the time of taking the depositions, defendant could not know which aspects of the deposition or whose deposition would be needed for preparation of the motion for summary judgment until after the deposition is taken. See, Jop v. City of Hampton, VA, 163 F.R.D. 486, 488 (E.D. VA. 1995).

**Therefore, the costs of the court reporter for all or any part of the transcript necessarily obtained for use in the case are AWARDED in the amount of $2,224.75.**

2. $362.50 for Other costs representing the mediation fee.

The Clerk is limited to what items may be awarded as costs, a limitation which applies even in the absence of any objections. The Supreme Court has held that federal courts are limited to assessing only those costs enumerated under Title 28 U.S.C. §1920 and courts must use very limited judicial discretion with regard to the kind of expenses that may be recovered as costs. See, Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed. 2d 385, 391 (1987). A district court does have some discretion to interpret the taxable items enumerated in §1920 but must do so by delineating such in a local rule. See, West Wind Africa Line, Ltd. v. Corpus Christi Marine Servs. Co., 834 F. 2d 1232, 1238 (5th Cir. 1988).

This court has exercised its limited discretion regarding allowable costs by adopting Local Rule 54.1 which provides in pertinent part:

>C. Taxable Costs.
>>(1) Items normally taxed include, without limitation:
>>>(I) those items specifically listed on the bill of costs form. The costs incident to the taking of depositions (when allowable as necessarily obtained for use in the ligation) normally include only the reporter's attendance fee and charge for the original transcript of the deposition;
>>>ii. premiums on required bonds;
>>>iii. actual mileage, subsistence, and attendance allowances for necessary witnesses at actual cost, but not to exceed the applicable statutory rates, whether they reside in or out of this district;
>>>iv. one copy of the trial transcript for each party represented by separate counsel.

**Local Rule 54.1 (C)(1).**

In scrutinizing Plaintiff's request to have other fees awarded as costs the Clerk must be guided by this local rule. Courts do not have the authority, even by local rule, to provide for the awarding of costs for anything that is inconsistent with applicable federal statutes and rules. See, <u>AM Properties and Dallas Development and Trust, North Carolina Business Trusts, v. Town of Chapel Hill,</u> 202 F.Supp. 2d 451 (MDNC 2002). Therefore, just as the district court's discretion was limited in adopting Local Rule 54.1, so too is the Clerk's discretion restricted regarding the awarding of other costs.

Mediator fees may not be awarded as costs. See, <u>Sea Coast Foods, Inc. V. Lu-Mar Lobster & Shrimp, Inc.,</u> 260 F. 3d 1054, 1061 (9th Cir. 2001) ("Nothing in 28 U.S.C. §1920 provides for the cost of a mediator."); <u>George v. GTE Directories Corp.,</u> 114 F. Supp. 2d 1281, 1300 (M.D.Fla.200) (refusing to tax mediation costs when prevailing party cited no legal authority to justify such an expense); and <u>UNI-System, Inc. V. Delta Air Lines, Inc.,</u> 2002 WL 505914, *4 (D.Minn. Mar. 28, 2002)("The Court does not read § 1920 to allow taxation of miscellaneous mediation fees"). Accordingly, though Plaintiff has filed no objections to the "Bill of Costs", the Clerk may not award the mediator fees to Defendant.

**Therefore, the mediation fee of $362.50 is DENIED.**

IT IS THEREFORE ORDERED that the taxing of costs in favor of Plaintiff and against Defendant in the amount of $2,224.75.

Either party may appeal this "Taxation of Costs" within five (5) business days after receipt of his taxation in accordance with F.R.C.P. 54©.

Signed: November 1, 2006

_____
Frank G. Johns, Clerk
United States District Court